UNITED STATES DISTRICT COURT　　　SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Antwana Kelly, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action H-17-3596 |
| Nancy Berryhill, | § § § | |
| Defendant. | § | |

## Opinion on Summary Judgment

### 1. Introduction

Antwana Kelly brought this action for judicial review of the commissioner's final decision to deny her disability insurance benefits. The question is whether substantial evidence supports the commissioner's decision. It does.

### 2. Background

Kelly applied for disability benefits on December 9, 2013. She was thirty-two years old. Kelly claimed to suffer from several physical and mental conditions, including carpal tunnel syndrome, depression, anxiety, and problems with her shoulders and ankle.

Kelly graduated high school and attended some college. She worked as a security guard and an auto parts delivery driver. She claimed to be disabled starting on March 1, 2013.

The hearing officer found that Kelly suffers from severe impairments, including carpal tunnel syndrome, but that none of her impairments prevents her from working. He found that she could work as a photocopy operator, a garment sorter, or a surveillance system operator.

3. *Legal Framework*

    a. *Standard of Review*

This court's review is limited to determining whether commissioner's decision is supported by substantial evidence and whether the correct legal standards were employed. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). The court "does not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* "A decision is supported by substantial evidence if credible evidentiary choices or medical findings support the decision." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018).

    b. *Statutory Criteria*

The Social Security Act provides disability insurance benefits to people who have contributed to the program and have a physical or mental disability. *See* 42 U.S.C. § 423. It defines disability as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner uses a sequential, five-step approach to determine whether the claimant is disabled. The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth step. *Newton*, 209 F.3d at 455. First, a person who is working and engaging in substantial gainful activity is not disabled. Second, a person who does not have a severe impairment is not disabled. Third, a person whose severe impairments meet or equal an impairment in appendix 1 of the regulations is deemed disabled. The commissioner must determine the person's residual functional capacity ("RFC"), which is a determination of the most the claimant can still do despite her physical and mental limitations. The RFC is used in the fourth and fifth steps of the analysis to determine whether the claimant can perform past relevant work or any other work that is significant in the national economy.

*4. Analysis*

The hearing officer followed the correct legal rules, and his findings are supported by substantial evidence.

Although Kelly worked during the period she claims to have been disabled, the hearing officer determined that it was not enough to constitute substantial gainful employment in the first step of the analysis. At the second step, the hearing officer found that Kelly has severe impairments from carpal tunnel syndrome, depression, and anxiety. None of those impairments meet one in the listings, however. The hearing officer found, based on her RFC, that Kelly could

not work in her previous jobs, but could find other work available in the national economy.

The officer considered a wide array of testimonial and documentary evidence before reaching his conclusion. In addition to Kelly, two physicians – Drs. Amusa and Khushalani – testified at the hearing. The documentary evidence included records from two hospitals, and Kelly's treating physician – Dr. Simpson-White.

The officer's RFC determination was based largely on the hearing testimony from the medical experts. It is also consistent with the medical evidence. The decision denying benefits cites records of medical examinations concluding that the strength, range of motion, and sensation in Kelly's extremities were normal. Kelly's treating physician, Dr. Simpson-White, noted in her records that she did not believe Kelly suffered from sufficient ailments to obtain disability benefits. The RFC is supported by the evidence in the record.

Kelly argues that the hearing officer did not sufficiently account for Kelly's carpal tunnel syndrome in the RFC determination. Kelly also argues that the hearing officer placed too much weight on her decision not to obtain surgery to repair her hands. The court declines Kelly's invitation to re-evaluate the evidence, as that is the function of the commissioner. The hearing officer analyzed and discussed the records relating to Kelly's carpal tunnel syndrome throughout his decision. At the hearing, Dr. Amusa discussed the medical records and the hearing officer relied heavily on Dr. Amusa to derive the RFC. The RFC is based on Kelly's impairments and does not rely on her decision not to have surgery. The

record shows that the hearing officer considered all of Kelly's impairments and determined that she is capable of working.

Kelly points out that the Dictionary of Occupational Titles defines garment sorter and photocopying-machine operator to require frequent handling and fingering. Kelly argues she cannot perform these jobs because her RFC permits only occasional gross and fine manipulation with her right hand. Kelly's RFC permits frequent gross and fine manipulation with her left hand, however. The regulations do not require use of both hands for these jobs. There is no conflict between the RFC and these jobs as defined in the regulations. The vocational expert heard the hearing testimony and knew about Kelly's limitations. The hearing officer was entitled to rely on the vocational expert.

Kelly argues that she cannot work as a surveillance-system monitor because the job is not simple and requires more public contact than her RFC permits. The court disagrees. The job requires that she be able to use commonsense and carry out written, verbal and diagrammatic instructions. Nothing in her RFC prevents Kelly from doing this. While the job does require significant contact with people, it does not require frequent public contact. The job requires Kelly to sit in a room, watch closed-circuit monitors, and report any incidents she sees.

The Dictionary of Occupational Titles is not a comprehensive list of every skill or qualification for every job. Vocational experts must fill in the gaps. *See Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). The hearing officer's determination that Kelly can perform other jobs was not in error.

5.      Conclusion

The commissioner's decision denying Kelly's claim for disability benefits is supported by substantial evidence and will be affirmed. Antwana Kelly will take nothing from Nancy Berryhill.

Signed on March 27, 2019, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge